**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Criminal No.   1:21 CR 13**<br>**Judge Kleeh** |
| **MARK SASSAK, Jr.,** | |
| **Defendant.** | **UNITED STATES' PRE-TRIAL MEMORANDUM** |

<u>**PRE-TRIAL MEMORANDUM AS TO EVIDENCE NECESSARY TO
ESTABLISH THAT IMAGES DEPICT REAL CHILDREN UNDER THE AGE
OF EIGHTEEN**</u>

Now comes the United States of America and William J. Ihlenfeld, II, United States

Attorney for the Northern District of West Virginia, by David J. Perri, Assistant United States

Attorney, and submits the following Pre-trial Memorandum addressing whether or not expert

testimony is necessary to establish the "real child" and "minority" aspects of child pornography

offenses.  A trial in this matter is currently scheduled for December 7, 2021.

**Question Presented**: In a case where the individuals depicted in the child
pornographic material appear to be well under the age of 18 and where there is no
reason to believe or claim that these images are anything other than videographic
depictions of real children, is the United States required to introduce expert
testimony to establish that the images in question depict actual children under the
age of 18?

**MEMORANDUM**

The defendant in this matter is charged in Count Two of the Indictment with Possession of Child Pornography.  18 U.S.C. § 2252A(a)(5)(B).

The United States must prove that the images or videos in question depict real (and not "virtual") children.  *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).  If they depict real children, then they would necessarily have been produced using an actual child as opposed to some other process.  Taken to its furthest extent, the requirement would appear to necessitate the personal appearance and testimony of the exploited child herself or that of someone who personally knew her and could identify her in the depiction.  No Circuit Court of Appeals in the country, however, has required as much.  Nor has any Circuit Court required that the United States put on expert testimony to prove a negative (i.e., that the images are not computer-generated).  See *United States v. Salcido*, 506 F.3d 729, 734 (9th Cir. 2007)("every other circuit [addressing the issue has ruled that] expert testimony is not required for the government to establish that the images depict[] an actual minor").  Instead, the federal courts have consistently found that jurors can competently rely on their own perception and circumstantial evidence to determine that images depict actual children under the age of eighteen engaged in sexually explicit conduct.

A) *Depiction of a real child*

Jurors are capable of distinguishing between real and virtual images without the assistance of expert testimony.  In other words, the images can speak for themselves, and the

jurors can competently rely upon their own perception of those images to determine whether or not they depict actual children. *United States v. Bynum*, 604 F.3d 161, 166 (4th Cir. 2010) (noting and agreeing with a general consensus among the circuits that the images can speak for themselves); *United States v. Wilder*, 526 F.3d 1 (1st Cir. 2008) (United States not required to produce a technological expert to prove thatan image contains a real child), *cert. denied*, 129 S.Ct. 626 (2008); *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 436 (1st Cir. 2007)("in the absence of direct evidence to the contrary, the Government need not introduce expert testimony that the images depict real children"); *United States v. Salcido*, 506 F.3d 729, 733-34 (9th Cir. 2007)(agreeing with all the other Circuits; no expert needed to prove that the images depict an actual minor); *United States v. Irving*, 452 F.3d 110 (2nd Cir. 2006)(revised opinion finding that expert testimony is not required to prove that children in video images are real); *United States v. Kimler*, 335 F.3d 1132, 1142 (10th Cir. 2003)(neither expert testimony nor evidence of victim identity is required by the *Free Speech* decision); *UnitedStates v. Destio*, 153 Fed. Appx. 888, 892-93 (3rd Cir. 2005)(proof that images involve real children "may be done by a view of the images themselves, or by non expert testimony") (unpublished); *United States v. Slanina*, 359 F.3d 356 (5th Cir. 2004)(United States not required to present additional evidence or expert testimony to prove that downloaded images depicted real children, and not virtual children); *United States v. Vig*, 167 F.3d 443 (8th Cir. 1999)(jurors could draw their own independent conclusion as to whether images depicted real children); *United States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003)(per curiam)(images alone were sufficient to prove that production of images involved use of a real minor); *United States v. Farrelly*, 389 F.3d 649, 653-54 (6th Cir. 2004)(United States not required to produce expert testimony to establish that images were of real children)(abrogated on unrelated grounds); *UnitedStates v. Sheldon*, 223 Fed. Appx.

478, 483-85, 2007 WL 1427037 (C.A. 6 (Ohio))(relying upon *Farrelly*)(United States not required to use any particular kind of evidence to prove that images depict real children)(unpublished); *United States v. Becht*, 403 F.3d 541, 549-50 (8th Cir. 2005)(jury may find that images depict real children based only on a review of the images themselves); *United States v. Sims*, 428 F.3d 945, 956 (10th Cir. 2005)(Government does not have to present any evidence other than the images themselves to prove that the individuals depicted are actual children); *United States v. Ricciardi*, 405 F.3d 852 (10th Cir. 2005), *cert. denied*, 546 U.S. 919, (2005); *United States v. Reardon*, 349 F.3d 608, 613, 614 (9th Cir. 2003)("obvious from the pictures themselves" that they depicted minors); *United States v. Richardson*, 304 F.3d 1061 (11th Cir. 2002)(based on agent's testimony and review of images, court found "no doubt" that images depicted real children); *United States v. Hall*, 312 F.3d 1250,1260 (11th Cir. 2002)(court examined images and found that no reasonable jury could have found that images depicted virtual children as opposed to actual children).

In this case, there is no issue or reason to believe that the images in question are anything other than what they appear to be: videographic representations of actual children engaged in sexually explicit conduct.  Any assertion to the contrary would constitute an affirmative defense which must be proven by the defendant and raised well in advance of trial. 18 U.S.C. § 2252A(c)(2).  The jurors in this trial are competent to make a determination that the images depict real children based on a review of the images themselves and any circumstantial evidence.

B) *Minority of the children depicted*

The definition of child pornography necessitates that the image or video in question depict a minor.  18 U.S.C. § 2256(8)(A).  As to the minority requirement, the United States need only prove that the image depicts a child under the age of 18.  The United States does

not have to prove the exact age of each child.  18 U.S.C. § 2256(8)(A).  Although,

concededly, in some cases with respect to some "borderline" images, expert medical

testimony might be necessary to prove that a child who appeared to be in her later teenage

years was in fact younger than 18, the children in this case appear sufficiently young that the

issue is precluded.  The children depicted are pre-pubescent.  Anyone looking at them would

be able to tell - without the need for expert testimony - that they are under the age of 18.

Accordingly, the jury is competent to make this determination based on their own perception

of the images.  *United States v. Gallo*, 846 F.2d 74 (4th Cir. 1988), *per curiam* ("[E]xpert

testimony as to age, while perhaps helpful in some cases, is certainly not required as a matter

of course.")(unpublished); *United States v. Katz*, 178 F.3d 368 (5th Cir. 1999)(in some cases,

expert testimony is not necessary or helpful to the fact finder); *United States v. Nelson*, 38

Fed. Appx. 386, 392 (9th Cir. 2002)(no requirement that expert testimony be presented in

child pornography cases to establish the age of the children in the pictures); *United State v.*

*Riccardi*, 258 F. Supp. 2d 1212 (D. Kan. 2003), *aff'd.*, 405 F.3d 852 (10th Cir. 2005), *cert.*

*denied*, 546 U.S. 919, (2005); *United States v. Gallo*, 1988 WL 46293 (4th Cir., May 12,

1988)(unreported); *United States v. Fox*, 248 F.3d 394, 409 (5th cir. 2001), *vacated on other*

*grounds*, 535 U.S. 1014 (2002); *United States v. Rayl*, 270 F.3d 709 (8th Cir. 2001)(noting

that, despite the introduction of expert testimony, "the jury was free to make its own

conclusion as tothe age of the children depicted"); *United States v. Broyles*, 37 F.3d 1314 (8th

Cir. 1994)(noting that "parts of the videotape were viewed by the jury, which thus was in a

position to draw its independent conclusions as to the age of the performers").  Of course,

circumstantial evidence such as descriptive file names and contextual evidence such as

associated chat dialogue can also inform a determination that the images or videos depict

children under the age of 18.

In conclusion, jurors are competent to determine whether images or videos depict actual children under the age of 18 engaged in sexually explicit conduct without the assistance of expert testimony.  In these regards, the images can "speak for themselves," and the jury is competent to make the relevant determinations.

The United States respectfully submits the foregoing for the consideration of the Court.


Respectfully submitted,

WILLIAM J. IHLENFELD, II
UNITED STATES ATTORNEY


By: /s/ David J. Perri
David J. Perri
Assistant United States Attorney/Bar Number: 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Telephone: (304) 234-0100
Fax: (304) 234-0111
E-mail: David.Perri@usdoj.gov

CERTIFICATE OF SERVICE

I, David J. Perri, Assistant United States Attorney for the Northern District of West

Virginia, hereby certify that the foregoing UNITED STATES' PRE-TRIAL MEMORANDUM

AS TO EVIDENCE NECESSARY TO ESTABLISH THAT IMAGES DEPICT REAL

CHILDREN UNDER THE AGE OF EIGHTEEN was electronically filed with the Clerk of the

Court using the CM/ECF system, and I hereby certify that I have electronically mailed the

document to the following CM/ECF participants:

> Brendan Leary, Esq.
> Federal Public Defender Office
> 1125 Chapline St., Rm. 208
> Wheeling, WV 26003

Elizabeth Gross, Esq.
Federal Public Defender Office
The Huntington Bank Building
230 West Pike Street, Ste. 360
Clarksburg, WV 26302

Dated: November 24, 2021.

By: /s/ David J. Perri
   David J. Perri
   Assistant United States Attorney/Bar Number: 9219
   United States Attorney's Office
   1125 Chapline Street, Suite 3000
   Wheeling, West Virginia 26003
   Telephone: (304) 234-0100
   Fax: (304) 234-0111
   E-mail: David.Perri@usdoj.gov